

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUANE FREDERICK BEATY,                              CV. 07-274-PA

            Petitioner,                       OPINION AND ORDER

    v.

BRIAN BELLEQUE,

            Respondent.


      JAMES D. VAN NESS
      Van Ness, Mooney, LLC.
      2580 State Street
      Salem, OR  97301

           Attorney for Petitioner


      HARDY MYERS
      Attorney General
      KRISTEN E. BOYD
      Oregon Department of Justice
      1162 Court Street, NE
      Salem, OR  97301

           Attorneys for Respondent


1 - OPINION AND ORDER

PANNER, District Judge

Petitioner, an inmate at Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges the legality of his 1999 convictions. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#22) is DENIED.

**BACKGROUND**

Petitioner was step-father to his wife's four young children, two girls and two boys. He assumed most of the parental duties, including transferring the children to their father and step-mother, John and Sonja, for regular visitation. (Trial Tr. 386-89; 391.) The relationship between Petitioner and John and Sonja, was acrimonious. (*Id.* at 391, 394.)

Petitioner's wife, Margaret, Sonja, and Sonja's young granddaughter, were victims of sexual abuse. (Petr.'s Mem., #23, 4.) Sonja spoke to Petitioner's step-daughters about sexual abuse during visitations. (Trial Tr. 265.) Petitioner's oldest step-daughter, Carrie, testified Sonja told them about the abuse of her granddaughter 12-16 times. (*Id.* at 49.) In December, 1997, following one of these conversations, Carrie told Sonja that Petitioner had abused her about a year and a half earlier, (*Id.*), when she was 7-8 years old. (*Id.* at 23.) Petitioner testified at his bench trial that he believed Carrie's accusations were a way to get back at him for parenting and disciplining her, and that she had threatened to accuse him of things he hadn't done on several

2 - OPINION AND ORDER

occasions. (Trial Tr. at 395-400, 427.) He also testified he was concerned enough about possible accusations that he talked to a neighbor, and he tried to always have all the kids together. (*Id.* at 400-401.) The prosecution questioned Petitioner as to why had not reported Carrie's threats to the investigating officer during questioning. (Trial Tr. at 428.)

Acting as fact-finder, the trial court found Petitioner guilty on one count of Rape in the First Degree and two counts of Unlawful Sexual Penetration, crediting Carrie's counselor's testimony that it was highly unlikely that the accusations were false, crediting Carrie's relatively consistent recounting of events over the years, and weighing Petitioner's failure to disclose Carrie's threats to the investigating officer. (Trial Tr. 548-553.) Petitioner was sentenced to 136 months imprisonment in a combination of concurrent and consecutive sentences.

Petitioner directly appealed his conviction. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Beaty*, 175 Or.App. 291, 27 P.3d 537 (2001), *rev. denied* 332 Or. 558, 34 P.3d 1176 (2001).

Petitioner sought state post-conviction relief ("PCR"), but was denied relief. (Respt.'s Exs. 131-133.) Petitioner appealed without success and the Oregon Supreme Court denied review. *Beaty v. Czerniak*, 204 Or. App. 780, 132 P.3d 62 (2006), *rev. denied* 340 Or. 673, 136 P.3d 743 (2006).

On May 15, 2008, Petitioner filed a First Amended Petition for Writ of Habeas Corpus (#22) pursuant to 28 U.S.C. § 2254. He asserts the following grounds for relief:

> Ground One: The petitioner received ineffective assistance of counsel from his trial level counsel, in violation of the Sixth Amendment to the United States Constitution. Specifically, trial counsel failed to: 1) challenge the inadequate investigation process used by the State and conduct an independent investigation; 2) challenge the State's use of Dukart as an expert; and 3) hire an expert on child sexual abuse.
>
> Ground Two: The Trial Court deprived Petitioner of his right to due process of law in violation of the Due Process Clause of the 14th Amendment to the United States Constitution. Specifically, the trial judge:
> 1) allowed the State to elicit testimony regarding (and seek an adverse inference from) what Petitioner did not say to the law enforcement officer who interviewed him; and
> 2) failed to sustain Defense Counsel's objection to the opinion of Dukart, when not qualified as an expert.
>
> Ground Three: Consistent with *Schlup v. Delo*, 513 U.S. 298 (1995), and *Herrera v. Collins*, 506 U.S. 390 (1993), Petitioner is actually innocent. The conviction was the product of an unfair trial, which caused a violation of his rights to Due Process and Equal Protection of Law, under the 14th Amendment, as guaranteed by the Constitution of the United States.
>
> Ground Four: Petitioner's sentence under Oregon State Ballot Measure 11, violates the 6th, 8th and 14th Amendments to the United States Constitution.

(Amended Petition, #22, 4-6.) Respondent raises the defense of procedural default as to Ground One, Ground Two(2) and Ground Three, (Respt.'s Response, #29; Respt.'s Sur-Reply, #35), and Petitioner concedes these claims are defaulted but contends there is cause and prejudice to excuse the default, and that he is actually innocent. (Petr.'s Reply, #32, 2.)

## DISCUSSION

### I.    Procedurally Defaulted Claims

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition). A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). A federal claim is fairly presented when the state court is apprised of the facts and legal theory upon which the claim is premised.

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or is barred from doing so under applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, or the prisoner demonstrates that failure to consider the claims will result in a fundamental

miscarriage of justice.  *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 750.

"Cause" for procedural default exists only if petitioner shows "that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier,* 477 U.S. 784, 488 (1986).

The "miscarriage of justice" exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (citing *Murray,* 477 U.S. at 496).  A claim of actual innocence must be supported with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324.  The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *See Id.* at 321.  It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329; *see Van Buskirk v. Baldwin,* 265 F.3d 1080, 1084 (9th Cir. 2001) ("the test is whether, with the new evidence, it is more likely than not

that no reasonable juror would have found [petitioner] guilty"), *cert. denied*, 535 U.S. 950 (2002).

A.    <u>Cause and Prejudice</u>

Petitioner contends PCR appellate counsel's failure to raise his claims on PCR appeal, resulting in their procedural default, constitutes cause and prejudice to excuse the default. Generally, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, *or failing to act*, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (quoting *Carrier*, 477 U.S. at 488) (emphasis added). Only representation so inadequate that it violates the 6th Amendment right to counsel amounts to "cause" to overcome procedural default. *Carrier*, 477 U.S. at 488. Counsel's failures absent a constitutional violation of the right to counsel is not "cause" to excuse procedural default. *Coleman*, 501 U.S. at 755. "It is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor, i.e., 'imputed to the State.'" *Id.* at 754.

Here, Petitioner argues PCR counsel was not acting as his agent and thus the errors should not be imputed to him and, cause exists to excuse his failure to present his claims to the Oregon appellate courts. (Reply to Response, #32, 7.) The court notes Petitioner's argument is contrary to established law. In *Coleman*,

the petitioner also argued that his state habeas counsel's failures were evidence counsel was not acting as his agent, and, therefore, counsel's failures should not be imputed to him and should suffice as "cause". Finding Coleman did not have a right to counsel in an appeal of his state habeas judgment, the Supreme Court held the errors of Coleman's attorney could not constitute "cause" to excuse the default of his federal claims.[1]  *Id.* at 756. The same holds true for Petitioner because Petitioner did not have a constitutionally protected right to counsel in his post-conviction proceedings.

Petitioner also seeks to impute the cause for his default to the State of Oregon for appointing "an unsuitable post-conviction appellate attorney" in a "breach of the agency relationship" established with the appointment of counsel under Or. Rev. Stat. 138.590.  (Petr.'s Reply to Response, #32, 7-8.)  This argument must also fail in the absence of a violation of federal law or of the United States Constitution.

Petitioner asks the court to hold an evidentiary hearing on the issue of cause and prejudice.  However, 28 U.S.C. § 2254(e)(2) specifies:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

---

[1]Under Virginia law, ineffectiveness of counsel claims can only be brought in state habeas proceedings, which are procedurally equivalent to Oregon's PCR proceedings.

> (A) the claim relies on-
>   (i) a new rule of constitutional law, made
> retroactive to cases on collateral review ...
> that was previously unavailable; or
>   (ii) a factual predicate that could not have
> been previously discovered through the
> exercise of due diligence; and
> (B) the facts underlying the claim would be
> sufficient to establish by clear and
> convincing evidence that but for
> constitutional error, no reasonable fact-
> finder would have found the applicant guilty
> of the underlying offense.

Petitioner has not presented the court with facts that could

not have been previously discovered through due diligence and that

are sufficient to establish by clear and convincing evidence that

but for constitutional error, no reasonable fact-finder would have

found the applicant guilty of the underlying offense.   In fact, in

stressing his diligence in pursuing the theory that his conviction

was the result of false allegations, and in attributing the failure

to pursue the issue to both trial counsel and PCR counsel, (Petr.'s

Reply to Response, #32, 9-10), Petitioner shows the factual

predicate he raises was previously known.   An evidentiary hearing

is, thus, precluded.   The Court need not address the issue of

prejudice because Petitioner did not make the requisite showing of

"cause".  *Smith v. Murray*, 477 U.S.

B.   Actual Innocence

Petitioner seeks an evidentiary hearing in support of a claim

of factual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993).

(Petr.'s Reply, #32, 10.)   In the alternative, Petitioner asks to

have his claims considered on the merits under the miscarriage of

justice exception to procedural default articulated in *Schlup*. (*Id.* at 10-11.)

As Petitioner notes, a *Herrera* claim "fail[s] unless the federal habeas court is itself convinced that th[e] new facts unquestionably establish [Petitioner's] innocence." (*Id.* at 10.) Petitioner has not met the requirements for an evidentiary hearing under 28 U.S.C. § 2254(e)(2), nor is there anything in the record that unquestionably establishes his innocence. Petitioner's innocence claim under *Herrera*, thus, must fail.

Under the miscarriage of justice exception to procedural default, Petitioner must present new credible evidence of actual innocence. *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003). It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Schlup*, 513 U.S. at 329. Petitioner presents the May 8, 2008, declaration of an expert on investigating allegations by children of sexual abuse to show "no reasonable juror hearing all of the now-available evidence would vote to convict." (Petr.'s Reply, #32, 12-13.)

Assuming the expert's declaration is properly before the court, the declaration, nevertheless, does not constitute credible evidence of Petitioner's actual innocence. The declaration presents an extensive review of the State's investigation of the allegations of sexual abuse, details the investigation's

deficiencies, and states "[t]here are several aspects of this case that raise concerns this was a false allegation." (Petr.'s Ex. 2, 23.)  The expert concludes, stating, "I believe it is likely that [Petitioner] is innocent of the alleged sexual abuse. . . ." (*Id.* at 24-25.)  While the declaration challenges the reliability of the allegations of sexual abuse in light of the deficiencies in the State's investigation, it does not provide evidence of Petitioner's actual innocence and it is insufficient in the context of the full record for this Court to conclude that no reasonable juror would vote to convict upon hearing the evidence.  Petitioner, therefore, has not met the standards for the miscarriage of justice exception to procedural default to apply.

Because Petitioner did not show "cause" for his procedural default, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, federal habeas review of Ground One, Two(2), and Three is barred.

## II.  **The Merits**

A.  Standards and Scope of Review under §2254.

The standard of review applicable to habeas corpus petitions on behalf of a person in custody pursuant to the judgment of a state court is set out in 28 U.S.C. §2254 (d):

> "An application [ ] shall not be granted with respect to any
> claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary
>> to, or involved an unreasonable application
>> of, clearly established Federal law as

determined by the Supreme Court of the United
States; or

2) resulted in a decision that was based on an
unreasonable determination of the facts in
light of the evidence presented in the State
court proceeding."

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court
construed this provision.  "[I]t seems clear that Congress intended
federal judges to attend with the utmost care to state court
decisions, including all of the reasons supporting their decisions,
before concluding that those proceedings were infected by
constitutional error sufficiently serious to warrant the issuance
of the writ."   *Id.* at 386.   "We all agree that state court
judgments must be upheld unless, after the closest examination of
the state court judgment, a federal court is firmly convinced that
a federal constitutional right has been violated."   *Id.* at 389.
The last reasoned decision by the state court is the basis for
review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797,
803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th
Cir. 2002).   Here, the Court looks to the trial court decision
since the Oregon Court of Appeals affirmed without opinion and the
Oregon Supreme Court denied.

Habeas relief may be granted under § 2254(d)(1) when "the
state court identifies the correct governing legal principle [ ]
but unreasonably applies that principle to the facts of the [ ]
case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004)
(citing *Williams*), *cert. denied*, 126 S. Ct. 484 (2005).   "'Clearly

12 - OPINION AND ORDER

established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388.

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert*, 393 F.3d at 974 (citing *Williams*.) The state court's application of law must be *objectively unreasonable. Id.* (emphasis added). "Under §2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002), *rehearing denied*, 537 U.S. 1149 (2003), (internal citations omitted).

B.    Ground Two(1)

Petitioner alleges violation of his 14th Amendment right to due process of law when the trial court allowed the State to elicit testimony regarding (and seek an adverse inference from) what

Petitioner did not say to the investigating officer. Petitioner argues it is a violation of *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), for the trial court to have allowed the prosecutor to question Petitioner on his failure to disclose exculpatory evidence during questioning and for the court to take this into consideration in finding Petitioner guilty. (Petr.'s Mem. #23, 15-16.)

In *Doyle*, the defendants were given *Miranda* warnings and made no statements. At trial, their silence was used to impeach the exculpatory explanation of events they gave in court. The Supreme Court held that the Due Process Clause prohibits using a defendant's silence after *Miranda* warnings are given, even for the limited purpose of impeachment, on the theory that the *Miranda* warnings carry an implicit promise that no use will be made of a defendant's silence. 426 U.S. at 619.

Here, Petitioner agreed to accompany the investigating officer to a substation for questioning. (Trial Tr. at 476.) Petitioner was advised of his *Miranda* rights but agreed to answer questions, thus waiving his right to remain silent. (*Id.* at 477.) At the point when Petitioner stated he thought he needed an attorney, the interview ended and the investigating officer took Petitioner home. (*Id.* at 438-441.) Questioning lasted 45 minutes to an hour. (*Id.* at 432.)

/ / /

At trial, Petitioner testified about conflict with his step-daughter's step-mother, and about conflict with his step-daughter and her threats to accuse him of things he didn't do. (*Id.* 417-422; 395-415.) The prosecutor questioned Petitioner about his failure to inform the investigating officer about these conflicts and threats during questioning. (*Id.* at 426-28.) Defense counsel objected, arguing *Doyle* does not allow what Petitioner did not say during the interview to be used against him. (*Id.* at 429.) In overruling counsel's objection, the trial court stated:

> [M]y understanding of the case law that you describe is
> . . . that . . . if a potential defendant or a witness
> invokes [their right to remain silent], you certainly
> obviously cannot bring that up nor can you bring up the
> fact that he then declined to say something. But once
> the witness or potential defendant is interviewed and
> makes certain statements, certainly it has come up
> frequently where prosecutors have brought up that other
> things were not mentioned at that time. And I don't
> believe it's reversible error.

Trial Tr. 430.

Petitioner has not shown, nor does the record reveal that the trial court's decision to allow questioning about what Petitioner did not tell the investigating officer was contrary to or an unreasonable application of *Doyle* because, unlike the defendants in *Doyle*, Petitioner voluntarily answered the investigating officer's questions after being advised of his *Miranda* rights. Accordingly, habeas relief as to Ground Two(1) is unavailable.

/ / /

/ / /

C.    Ground Four

In Ground 4, Petitioner alleges that the mandatory minimum sentences he received under Oregon's Ballot Measure 11 violate his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments because a defendant cannot meaningfully seek a mitigated sentence. He concludes that this practice not only violates his right to due process and is cruel and unusual, but also renders his right to counsel during a sentencing hearing illusory.

Petitioner's attempt to challenge the constitutionality of his Measure 11 sentences based on his inability to meaningfully argue mitigation must fail "because the Supreme Court has limited its holdings concerning mitigating evidence to capital cases." *Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991). Petitioner is, therefore, unable to show that his inability to meaningfully argue mitigation violated clearly established Supreme Court precedent. The court also notes Petitioner's attempt to utilize the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004) to support his attack on his Measure 11 sentences. Petitioner's convictions and sentences became final on November 8, 2001 with issuance of the Appellate Judgment. Because the Supreme Court has not made *Blakely* retroactive to cases on collateral review, no relief is available to Petitioner on that basis. *See Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004). Petitioner, thus, has not shown that the adjudication of his claim in State

16 - OPINION AND ORDER

court was contrary to, or an unreasonable application of clearly established federal law, as required for habeas relief.

## CONCLUSION

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (#22) is DENIED.

IT IS SO ORDERED.

DATED this 31 day of December, 2008.

Owen M. Panner
United States District Judge

17 - OPINION AND ORDER